UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

BRADLEY ARMFIELD,

    Plaintiff,

    v.

WALMART, INC f/k/a WAL-MART
STORES, INC.,

    Defendant.

Case No.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **BRADLEY ARMFIELD** (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, **JOHNSON BECKER, PLLC** and **CASEY DEVOTI & BROCKLAND**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **WALMART, INC f/k/a WAL-MART STORES, INC** (hereafter referred to as "Defendant Walmart" or "Defendant") alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.    This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by an "Instant Pot Duo Mini Pressure Cooker" (hereafter generally referred to as "pressure cooker(s) or "subject pressure cooker") marketed, imported, distributed, and sold by Defendant Walmart and designed, manufactured, marketed, imported, distributed and/or sold by Instant Brands, Inc. ("Instant Brands"). Instant Brands is currently engaged in active bankruptcy proceedings in the United States Bankruptcy Court for the Southern

District of Texas, and an automatic stay has been imposed. <u>See</u> *In re: Instant Brands Acquisition Holdings, Inc., et. al.*, 4:2023-bk-90716 [Dkt. 1].

2.      Defendant Walmart markets, imports, distributes, and sells a wide-range of consumer products, including the subject pressure cooker that is at issue in this case.

3.      Said pressure cookers are advertised as convenient and safe and are touted for their supposed "safety"[1] features, which claim to prevent the units from being opened while in use. Despite these claims of "safety," Defendant marketed, imported, distributed, and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4.      Specifically, said defects manifest themselves when, despite claims to the contrary, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit.  When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. In this case, the lid was able to be rotated, opened, and removed while the pressure cooker retained pressure, causing Plaintiff serious and substantial bodily injuries and damages.

5.      Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the

---

[1] *See generally*, Instant Pot Duo Mini User Manual.  A copy of the User Manual is attached hereto as "Exhibit 1."

dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

6.      As a direct and proximate result of Defendant's conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF BRADLEY AMRFIELD

7.      Plaintiff is a resident and citizen of the city of Pacific, County of Franklin, State of Missouri.

8.      In or around February of 2020, Plaintiff purchased the subject pressure cooker from his local Walmart.

9.      On or about August 14, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the Pressure Cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety mechanisms,"[2] which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

---

[2] *Id.* at pg. 8.

3

**DEFENDANT WALMART, INC f/k/a WAL-MART STORES, INC.**

10.    Defendant Walmart markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker in this case.

11.    Walmart is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Delaware with its headquarters and principal place of business located in Arkansas. Walmart does business in all 50 states. Walmart is therefore deemed to be a resident and citizen of both the State of Delaware and the State of Arkansas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

12.    At all times relevant, Defendant Walmart substantially participated in the marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

**JURISDICTION AND VENUE**

13.    This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

15.    Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Missouri and has intentionally availed itself of the markets within Missouri through the promotion, sale, marketing, and distribution of its products.

**FACTUAL BACKGROUND**

16.    Defendant is engaged in the business of marketing, importing, distributing and selling the pressure cooker at issue in this litigation.

17.    The subject pressure cooker was designed, manufactured, marketed, imported, distributed, and/or sold by Instant Brands, Inc.

18.    On or about June 12, 2023, Instant Brands filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay was imposed.  See *In re: Instant Brands Acquisition Holdings, Inc., et. al.*, 4:2023-bk-90716 [Dkt. 1].  Said bankruptcy proceedings are still pending.

19.    The pressure cookers marketed, imported, distributed, and sold by Defendant purport to be designed with "10 Safety Mechanisms" misleading the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use. For example, Instant Brands claims that "[d]ue to the extra safety measures that Instant Pot has built in, an Instant Pot is a lot safer than a traditional pressure cooker that you use on the stove."[3]

20.    Additionally, according to the User Manual accompanying each individual unit sold, each unit comes equipped with a "float valve" which rises as the cooker heats up and builds pressure, locking the lid in place.[4]

---

[3] *See, e.g.* https://www.instantpot.nl/en/blog-en/safety/zijn-instant-pots-veilig-en/#:~:text=Safety%20Lid%20Lock%2FSafety%20Lid,lid%20is%20easy%20to%20remove. (last accessed June 4, 2025)

[4] See e.g., Exhibit 1. pg. 25.

21.    By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

22.    Plaintiff used his pressure cooker for its intended purpose of preparing meals for himself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant.

23.    However, the aforementioned pressure cooker was defectively and negligently designed and manufactured in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, his family, and similar consumers in danger while using the pressure cookers.

24.    Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

25.    Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

26.     Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of its pressure cookers.

27.     As a direct and proximate result of Defendant's concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

28.     Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

**COUNT I AS TO WALMART, INC f/k/a WAL-MART STORES, INC.**

**STRICT PRODUCTS LIABILITY –
DEFECTIVE MANUFACTURE, DESIGN & FAILURE TO WARN**

29.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

7

30.     At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

31.     Defendant's pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendant.

32.     Plaintiff and his family did not misuse or materially alter the pressure cooker.

33.     The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

34.     Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

   a.   The pressure cookers sold and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b.   The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c.   Defendant failed to properly market, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d.   Defendant failed to warn and place adequate warnings and instructions on the pressure cookers; and

   e.   Defendant failed to ensure the adequate testing the pressure cookers prior to their sale.

8

35.     Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

36.     Defendant's conduct, as described above, was extreme and outrageous. Defendant risked the safety and well-being of the consumers and users of its pressure cookers, including the Plaintiff to this action, with the knowledge of the safety and efficacy problems.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

### COUNT II AT TO WALMART, INC f/k/a WAL-MART STORES, INC.

### NEGLIGENCE/NEGLIGENT FAILURE TO WARN

37.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

38.     Defendant had a duty of reasonable care to market and sell non-defective pressure cookers that are reasonably safe for its intended uses by consumers, such as Plaintiff and his family.

39.     Defendant failed to exercise ordinary care in the sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

40.     Defendant was negligent in the advertising, warning, marketing and sale of its pressure cookers in that, among other things, it placed an unsafe product into the stream of commerce.

41.     Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market (and continue to do so) its pressure cookers to the general public.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT III AS TO WALMART, INC f/k/a WAL-MART STORES, INC.

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

42.     Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

43.     At the time Defendant marketed, distributed and sold its pressure cookers to the Plaintiff in this case, Defendant warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

44.     Members of the consuming public, including consumers such as Plaintiff, were intended third-party beneficiaries of the warranty.

45.     Plaintiff reasonably relied on Defendant's representations that its pressure cookers were a quick, effective and safe means of cooking.

46.     Defendant's pressure cookers were not merchantable because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

47.     Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

48.     Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

A.     That Plaintiff has a trial by jury on all of the claims and issues;

B.     That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C.     That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for his injuries and suffering sustained because of the use of the Defendant' defective pressure cooker;

D.     That all costs be taxed against Defendant;

E.     That Plaintiff be allowed leave to amend his complaint to allege punitive damages, according to proof;

F.     That prejudgment interest be awarded according to proof; and

G.     That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

11

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury of all the claims asserted in this Complaint so triable.

Respectfully submitted,

Dated: June 9, 2025

CASEY DEVOTI & BROCKLAND

*/s/ Matthew J. Devoti*

_____

Matthew J. Devoti    #47751
Matthew C. Casey     #49662
5100 Daggett Avenue
St. Louis, Missouri 63110
(314) 421-0763
(314) 421-5059 (fax)
mdevoti@caseydevoti.com
mccasey@caseydevoti.com

*In association with:*

JOHNSON BECKER, PLLC

Adam J. Kress, Esq.  (MN ID #0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
(612) 436-1800
akress@johnsonbecker.com

*Attorneys for Plaintiff*